# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **JORGE VIRAMONTES,** § | |
| *Plaintiff,* § | |
| § | CIVIL ACTION NO. CIV-19-535-F |
| vs. § | |
| § | JURY REQUESTED |
| **KIRK JESSIP and ALLIANCE, INC.,** § | |
| *Defendants.* § | |

## PLAINTIFF'S ORIGINAL COMPLAINT
## AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, Jorge Viramontes, complaining of Defendants Kirk Jessip and Alliance, Inc., and respectfully shows the Court as follows:

## I.
## PARTIES

1.1     Plaintiff Jorge Viramontes is a citizen and resident of Travis County, Texas. Mr. Viramontes sues individually for the injuries he suffered as a result of Defendants' negligence.

1.2     Defendant Alliance, Inc. (hereinafter, Alliance) is a domestic corporation organized and existing under the laws of the State of Kansas.  Alliance has two principal places of business in Oklahoma: Cordell, Oklahoma and Kingfisher, Oklahoma. Alliance may be served through its registered agent: Flowtech Energy Services, LLC, 22188 Highway 152, Cordell, OK 73632.

1.3     Defendant Kirk Jessip is a natural person, at all times pertinent, living in Cordell, Oklahoma. He may be served at his home: PO Box 182, Cordell, OK 73632-0182.

## II.
## JURISDICTION AND VENUE

2.1    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332(a), because this action, which has an amount in controversy in excess of $75,000, is between citizens of different states.  Plaintiff is a resident and citizen of Texas; Defendant Jessip is a resident and citizen of Oklahoma; and, Defendant Alliance has two principal places of business in Oklahoma, including its location in Kingfisher, Oklahoma.

2.2    This Court has personal jurisdiction over Defendants, because Defendant Jessip is a resident and citizen of Oklahoma and Defendant Alliance has two principal places of business in Oklahoma, including its location in Kingfisher, Oklahoma.  Accordingly, the Court has general personal jurisdiction over each of the Defendants because each is "at home" in Oklahoma.  Additionally and/or alternatively, the Court has specific personal jurisdiction over each of the Defendants because they each purposefully directed their activities to Oklahoma and purposefully availed themselves of the benefits and privileges of conducting business in Oklahoma and, in so doing, developed minimum contacts with the State of Oklahoma, and because Jorge Viramontes' injuries arose from or related to those contacts with the State of Oklahoma.  The occurrence giving rise to this action occurred in Oklahoma and occurred while the Defendants were purposefully engaged in business activities in Oklahoma which made it foreseeable that another person might be injured by Defendants' tortious acts and/or omissions.   Under either theory, the exercise of personal jurisdiction over these Defendants in this action is consistent with the Oklahoma Long Arm Statute (12 O.S. § 2004(F)) and with federal due process; the exercise of personal jurisdiction over these

Defendants in this action fully comports with traditional notions of fair play and substantial justice.

2.3     Venue is proper in the Western District of Oklahoma, Oklahoma City Division, pursuant to 28 U.S.C. §1391(b)(1), because this is the District in which Defendant Alliance resides.

## III.
## FACTUAL ALLEGATIONS

3.1     On November July 15, 2017, Jorge Viramontes was a belted rear-seat passenger in a vehicle traveling north on US 183 in or near Custer City, Oklahoma.

3.2     At the same time, Defendant Kirk Jessip was traveling west in a tractor-trailer owned by his employer, Alliance Inc., on State Highway 33. As the vehicle in which Mr. Viramontes was traveling passed through the US 183 and State Highway 33 intersection, Defendant Jessip ran a stop sign and caused a violent collision.

3.3     At the time of the collision that makes the basis of this suit, Defendant Jessip was acting in the course and scope of his employment with Defendant Alliance.

3.4     The investigating officer assigned all fault for the collision to Defendant Jessip.

## IV. CLAIM FOR RELIEF - DEFENDANT JESSIP
## NEGLIGENCE

4.1     Plaintiff repeats and realleges each and every allegation of this Complaint contained as if set forth fully herein.

4.2     Defendant Jessip committed acts of omission and commission, collectively and severally, constituting negligence, which were a proximate cause of the subject collision, Mr. Viramontes' injuries and Plaintiff's Damages.

4.3     Defendant Jessip's negligence includes, but is not limited to, Defendant Jessip's failure to observe and stop at a stop sign, and failure to maintain control of his vehicle, in violation of Oklahoma traffic law.

### V. CLAIM FOR RELIEF - DEFENDANT ALLIANCE
### NEGLIGENCE

5.1     Plaintiff repeats and realleges each and every allegation of this Complaint contained as if set forth fully herein.

5.2     Defendant Alliance committed acts of omission and commission, collectively and severally, constituting negligence, which were a proximate cause of the subject collision, Mr. Viramontes' injuries and Plaintiff's Damages.

5.3     Defendant Alliance's negligence includes, but is not limited to, Alliance driver Jessip's failure to observe and stop at a stop sign, and failure to maintain control of his vehicle, in violation of Oklahoma traffic law.

5.4     Defendant Alliance is liable for Defendant Jessip's actions under the doctrine of *respondeat superior.* On the day in question, Defendant Jessip was operating a vehicle owned by Defendant Alliance and was acting in furtherance of the business of Defendant Alliance. As such, Defendant Jessip was acting within the course and scope of his employment with Alliance at the time of the collision.

### VI.
### DAMAGES

6.1     Plaintiff repeats and realleges each and every allegation of this Complaint contained as if set forth fully herein.

6.2     Plaintiff Jorge Viramontes seeks compensatory damages arising from the injuries he sustained in the accident.  He seeks monetary damages from Defendants to compensate him for the following elements of damages:

- physical pain and suffering sustained in the past;
- physical pain and suffering that in reasonable probability will be sustained in the future;
- mental pain and suffering sustained in the past;
- mental pain and suffering that in reasonable probability will be sustained in the future;
- hospital and medical expenses;
- future hospital and medical expenses;
- disfigurement;
- disfigurement that in reasonable probability will be sustained in the future;
- physical impairment;
- physical impairment that in reasonable probability will be sustained in the future;
- loss of earnings; and
- loss of future earning capacity.

## VII.
## PREJUDGMENT and POST-JUDGMENT INTEREST

7.1     Plaintiff seeks pre-judgment and post-judgment interest at the maximum legal rate.

## VIII.
## JURY DEMAND

8.1     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff requests a trial by jury on all issues in this case.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that Defendants be cited to appear and answer herein, this cause be set for trial by jury, and Plaintiff recovers judgment of and from Defendants for his actual damages, in such amount as the evidence shows and the jury determines to be proper, together with prejudgment interest, post-judgment interest, costs of suit, and such other and further relief to which Plaintiff may show himself to be entitled, whether at law or in equity.

Dated this 11th day of June, 2019.

    Respectfully submitted,

    *s/ Ryan Thompson*
    RYAN THOMPSON
    Oklahoma Bar No.: 30324
    **ATTORNEY FOR PLAINTIFF**
    WATTS GUERRA LLP
    811 Barton Springs Rd., Ste 725
    Austin, Texas 78704
    Telephone:  (512) 479.0500
    Facsimile:   (512) 479.0502
    rthompson@wattsguerra.com